COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bumgardner and Lemons

JACK JERNIGAN

MEMORANDUM OPINION[*]
v.   Record No. 1102-98-3                       PER CURIAM
                                            SEPTEMBER 15, 1998
RYDER DEDICATED LOGISTICS AND
 RYDER TRUCK RENTAL, INC.

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Rhonda L. Overstreet; Lumsden, Overstreet &
Hansen, on brief), for appellant.

(William H. Fralin, Jr.; Jolly, Place,
Fralin & Prillaman, on brief), for appellees.


Jack Jernigan ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that he

failed to prove that his ongoing right knee symptoms and

post-May 13, 1997 disability were causally related to his

compensable July 16, 1994 injury by accident.  Upon reviewing the

record and the briefs of the parties, we find that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"General principles of workman's compensation law provide that

'[i]n an application for review of any award on the ground of

change in condition, the burden is on the party alleging such

_____
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission found as follows:

> Based upon this record, the Deputy Commissioner concluded that the claimant had failed to prove that his current disability and medical treatment are causally related to the July 1994 industrial accident. We agree. Dr. [Bertram] Spetzler relates the claimant's current condition to his underlying osteoarthritis, and has stated that the claimant's current problems really could not be considered work related after the standard healing period. We find that the claimant has failed to prove that his current knee condition is causally related to the traumatic aggravation which occurred more than three years ago, in 1994.

Based upon Dr. Spetzler's October 3, 1997 letter report and his related medical records, which support the commission's findings, we cannot find as a matter of law that claimant's evidence sustained his burden of proof. Accordingly, we affirm the commission's decision.[1]

---

[1] Based upon our holding on the causation issue, we need not address the marketing issue.

- 2 -

<u>Affirmed</u>.